JOURNAL ENTRY AND OPINION
Plaintiff-appellant, John Dupal, appeals the decision of the Lakewood Municipal Court awarding him $570, plus interest, on his complaint for unpaid rent. For the reasons that follow, we affirm.
A review of the record reveals that appellant filed a two-count complaint against defendant-appellees, Roxanne Reindle, Alice Largen and Mary Sheridan seeking eviction and damages for unpaid rent. While appellant was awarded restitution of the premises, the issue of damages proceeded to trial before a magistrate of the court.
At trial, apart from the evidence submitted to support his claim for unpaid rent and late fees, appellant presented several photographs depicting the damage allegedly done by appellees while residing at the rental property as well as an itemized estimate of repair allegedly done on the premises by a contractor hired by appellant.[1] The contractor, however, did not testify nor did appellant present any other witnesses on his behalf.
In the Findings of Fact and Conclusions of Law journalized by the trial court, the magistrate concluded that appellant was entitled to unpaid rent and late fees totaling $1045, less the $475 security deposit being held by appellant. Nonetheless, the magistrate found that appellant failed to present sufficient evidence to justify property damage in the amount of $2,824.80. Consequently, the magistrate recommended judgment in appellant's favor in the amount of $570, plus interest and court costs.
Appellant filed objections to the magistrate's decision claiming that the photographs submitted and itemized estimate sufficiently supported his allegations of property damage. At the hearing held on the objections, the trial court judge stated:
 In addition to unpaid rent and late fees, [appellant] also asserted a claim in the amount of $2,824.80 for damages to the premises. The record reflects that no receipts were submitted by [appellant] to the Magistrate. Rather, [appellant] submitted a number of photographs and one unsigned estimate for repair. The unsigned estimate * * * merely itemized the various items of work to be done without any accounting for hours, hourly rate, etc. [Appellant] also submitted photographs of the premises after [appellees] vacated the premises. The photographs do indicate that some damage was caused to the premises. While this alone is not sufficient to establish a valid basis for awarding monetary damages, it does show damage to the premises. Therefore, in the interest of justice, a further hearing will be scheduled on the issues of damages. * * * [Appellant] shall appear at the hearing with any evidence and/or witnesses in support of this claim for monetary damages.
Prior to the rescheduled hearing, appellant filed a motion for summary judgment,[2] attaching a notarized repair statement and receipt signed by the contractor. Also attached to this motion is an affidavit of the contractor as to his unavailability on the date of the hearing due to a previously scheduled vacation, which likewise attached copies of his travel itinerary and receipts. Alternatively, appellant requested that the trial court continue the hearing in the event this motion was denied.
In denying appellant the requested relief, the trial court noted that the estimate earlier submitted and the final bill attached to the motion were identical, raising doubts as to their probative value. It likewise noted that appellant submitted no evidence of canceled check or other proof of payment. Concluding, the trial court stated:
 The record reflects that the Magistrate found that [appellant] failed to present sufficient evidence to prove this claim against [appellees] for monetary damages above and beyond unpaid rent and late charges. Since the Magistrate's report, [appellant] was given two (2) additional opportunities to do so, but has done nothing more than submit the same documents to the Court. Based on the foregoing, the Court finds that [appellant] has failed to prove additional damages by probative, credible, and sufficient evidence. Accordingly, [appellant's] objections to the Magistrate's Report are overruled and the Report and Recommendation of the Magistrate are adopted as the judgment of the Court.
Judgment was thereafter entered in favor of appellant in the amount of $570, plus interest and costs.
Appellant is now before this court and, in his sole assignment of error, complains that the trial court's decision limiting his damages to the unpaid rent is against the manifest weight of the evidence.
A judgment will not be reversed as being against the manifest weight of the evidence if it is supported by some competent, credible evidence going to all the material elements of the case. C.E. Morris Co. v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279, syllabus; see, also, Gerijo, Inc.v. Fairfield (1994), 70 Ohio St.3d 223, 226. A reviewing court should not reverse a decision simply because it holds a different opinion concerning the evidence submitted to the trial court. While a finding of an error in law is a legitimate ground for reversal, a difference of opinion on the credibility of witnesses and the evidence is not. SeasonsCoal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 81; see, also, Kalain v.Smith (1986), 25 Ohio St.3d 157, 162.
In general, a landlord may recover damages from a tenant for violations of R.C. 5321.05, which provides a lengthy list of obligations tenants owe to a landlord as pertains to the maintenance of the leased premises. The landlord, however, bears the burden of submitting sufficient evidence linking any alleged damage to a failure on the part of a tenant to fulfill those obligations. See Kelley v. Johnston (Nov. 14, 2001), Gallia App. No. 01CA5, unreported, 2001 Ohio App. Lexis 5177.
It is in this regard that the trial court found the evidence submitted by the landlord in this case to be deficient. Despite being given several opportunities to do so, appellant merely submitted at first a contractor's estimate and, when pressed, a duplicate of that estimate with the contractor's purported signature serving both as the invoice and the receipt of payment. The latter document appears to be prepared by the appellant and is identical to the earlier document. Consequently, the trial court expressed legitimate concerns regarding the credibility of this evidence. Without the testimony of the contractor, or any other witness with knowledge of the condition of the premises before and after the tenants vacated, the trial court lacked competent and credible evidence to support an award for property damage as sought by appellant.
Appellant's sole assignment of error is not well taken and is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Lakewood Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J., and COLLEEN CONWAY COONEY, J., CONCUR.
[1] It should be noted that the damages sought in appellant's complaint were limited to unpaid rent. At trial, however, appellant apparently raised the issue of property damage to the rental unit, which was heard by the trial court magistrate without opposition.
[2] A motion for summary judgment is not the typical response when registering objections to a magistrate's decision. Consequently, we will construe appellant's motion as a brief in support of his objections. It should be noted that appellant represented himself throughout these proceedings.